UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **VONNIE L. BEYLER,** | ) | CASE NO.  5:22CV2283 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | <u>OPINION AND ORDER</u> |
| | ) | |
| **COMMISSIONER OF** | ) | |
| **SOCIAL SECURITY,** | ) | |
| Defendant. | ) | |

<u>**CHRISTOPHER A. BOYKO, J.**</u>:

This matter comes before the Court on Plaintiff's Objections (ECF DKT #15) to the Magistrate Judge's Report and Recommendation (ECF DKT #14), which recommended the Court affirm the decision to deny Plaintiff's claims for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB").  For the following reasons, the Court ADOPTS the Report and Recommendation and AFFIRMS the Commissioner's decision.

**I. BACKGROUND**

On May 5, 2021, Plaintiff filed applications for DIB and SSI, alleging a disability onset date of August 31, 2020.  Plaintiff asserted that she was disabled due to back pain from two fractured vertebrae, cardiomyopathy and migraines.  Plaintiff's claims were denied

initially and upon reconsideration. Plaintiff requested a hearing before an administrative law judge ("ALJ"), which was granted. The ALJ held a hearing on June 22, 2022. Both Plaintiff and a neutral vocational expert testified at the hearing. On July 20, 2022, the ALJ concluded that Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review, thus rendering the ALJ's decision the final decision of the Commission.

On December 20, 2022, Plaintiff timely filed the instant Complaint challenging the Commissioner's final decision. (ECF DKT #1). On August 23, 2023, the Magistrate Judge issued his Report and Recommendation. (ECF DKT #14). On September 5, 2023, Plaintiff timely objected to the Report and Recommendation. (ECF DKT #15). Defendant filed a brief response on September 6, 2023. (ECF DKT #16).

Plaintiff's arguments do not challenge the ALJ's assessment of any of the medical evidence nor the handling of medical opinion evidence. Accordingly, unlike many Social Security appeals, a detailed description of the medical evidence and medical opinions is unnecessary.

The ALJ determined that Plaintiff's residual functional capacity ("RFC") allowed her to perform her past relevant work as a Fast Food Services Manager and as a Receptionist, as those positions are generally performed in the national economy but not as she actually performed them. Considering Plaintiff's Work History Report, Plaintiff's testimony and the testimony of Vocational Expert Suman Srinivasan, the ALJ decided that neither the Fast Food Services Manager nor the Receptionist position was a composite job. Specifically:

> Accordingly, per both written report and testimony from the claimant, the unloading of food products from trucks was merely an incidental job task that does not constitute a composite job between the Fast Food Services Manager

>and any other occupation. [*e.g.,* Material Handler].
>(Tr. 39-40).
>
>-and-
>
>Accordingly, the packing and shipping of sampled products is not shown to be a separate or otherwise more than incidental job task that does not constitute a composite job between the Receptionist and any other occupation. [*e.g.,* Store Laborer].
>(Tr. 40).

Based on these findings, the ALJ determined that Plaintiff had not been under a disability from August 21, 2020 through the date of the decision.

In the Report and Recommendation (ECF DKT #14), the Magistrate Judge found that the ALJ applied proper legal standards and reached a decision supported by substantial evidence.

Plaintiff objects and contends that the ALJ erred in failing to find that her positions as Receptionist and Fast Food Services Manager were composite jobs in the face of the Vocational Expert's testimony and Plaintiff's clarifying testimony. In addition, the ALJ erred by failing to build an accurate and logical bridge between the evidence and his conclusions.

## II. LAW AND ANALYSIS

**Standard of Review**

When reviewing a magistrate judge's report and recommendation, a court makes a *de novo* determination regarding the portions to which there are objections. 28 U.S.C. § 636(b)(1). In reviewing the Commissioner's decision however, the district court's review is not *de novo*. *Norman v. Astrue*, 694 F. Supp. 2d 738, 740 (N.D. Ohio 2010). Instead, a district court determines whether the Commissioner applied the proper legal standards and whether substantial evidence supported the Commissioner's findings.

42 U.S.C. § 405(g); *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989).

In the social security context, "the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, ⸺ U.S. ⸺, 139 S. Ct. 1148, 1154, 203 L.Ed.2d 504 (2019). 'Substantial evidence' has been defined as "more than a mere scintilla" of evidence, *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003), but less than a preponderance of the evidence, *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). Thus, if the record evidence is of such nature that a "reasonable mind might accept it as adequate to support" the Commissioner's conclusion, then the determination must be affirmed. *Wright*, 321 F.3d at 614. If such evidence exists, the district court should defer to the Commissioner's determination "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).

A district court's role "is not to resolve conflicting evidence in the record or to examine the credibility of the claimant's testimony." *Wright*, 321 F.3d at 614. Rather, courts "focus on whether substantial evidence supports the Commissioner's decision[.]" *Id*. at 615.

A plaintiff bears the ultimate burden to prove by sufficient evidence that she is entitled to disability benefits. 20 C.F.R. § 404.1512(a).

**Composite Job**

The Social Security regulations state that a claimant will be found "not disabled" when the record supports a finding that she retains the residual functional capacity to perform either

(1) the "actual functional demands and job duties of a particular past relevant job" or (2) the "functional demands and job duties of the occupation as generally required by employers throughout the national economy" (citing 20 C.F.R. 404.1520(e) and 416.920(e)). The only exception to this two-part analysis is a composite job. (ECF DKT #7, ALJ Decision, p. 42).

Plaintiff contends that the two occupations of Fast Food Services Manager and Receptionist are not accurately represented by their respective Dictionary of Occupational Titles ("DOT") codes alone, but rather are composite jobs.

According to the Program Operations Manual System ("POMS"), which is a handbook for internal use at the Social Security Administration, "composite jobs have *significant* elements of two or more occupations and as such, have no counterpart in the DOT." POMS DI 25005.20. (Emphasis added). "Claimant's past relevant work ("PRW") may be a composite job if it takes multiple DOT occupations to locate the *main* duties of the PRW as described by the claimant. *Id*. (Emphasis added). Thus, Plaintiff needs to demonstrate that her lifting and carrying responsibilities were "main" duties for both the Receptionist and Fast Food Services Manager positions.

After considering all of the evidence and testimony and acknowledging that Plaintiff's counsel's able advocacy elicited other job titles from the vocational expert, the ALJ found that the unloading of food products from trucks on a weekly basis at her fast food job and the lifting, packing and shipping of stone samples at an uncertain frequency at her receptionist job, were merely incidental tasks and not part of Plaintiff's regular responsibilities.

Therefore, the ALJ rejected Plaintiff's composite job argument and decided that the Plaintiff's main job duties were represented in those singular occupations shown in the DOT.

(ECF DKT #7, ALJ Decision, p. 44). Thus, the ALJ concluded that Plaintiff had not been under a disability from August 21, 2020 through the date of the decision.

The Court agrees with the Magistrate Judge when he determined that the ALJ did not fail to consider any testimony tending to show that Plaintiff's past relevant work was a composite job, but instead rejected Plaintiff's contention that she performed her work as a composite job.

It is Plaintiff's burden to prove that her lifting and carrying activities were "main" duties for both of her positions. Although the Vocational Expert provided DOT job titles (Material Handler and Shop Laborer) which incorporated the lifting and carrying tasks required of Plaintiff in her Receptionist and Fast Food Services Manager positions, the frequency with which she performed those tasks was uncertain. It was reasonable to find that substantial evidence did not support the classification of composite jobs.

What is more, Plaintiff agrees that whether a job is "composite" is a legal conclusion for the Commissioner and not one for the Vocational Expert. Further, it is up to the ALJ to weigh evidence, assess credibility and resolve ambiguities in testimony. *Dyson v. Commissioner of Social Security*, 786 F.App'x 586, 588 (6th Cir. 2019).

The Magistrate Judge is correct to decline Plaintiff's invitation to re-weigh testimony before the ALJ and to draw a different conclusion on the composite job issue. This is true even if substantial evidence would support a contrary conclusion. *Blakley,* 581 F.3d at 405.

Upon a review of the Hearing Transcript (ECF DKT #7), it is clear that the ALJ considered the Vocational Expert's responses to Plaintiff's inquiry about other relevant DOT job titles, as well as Plaintiff's follow-up clarifications about additional required tasks. The

ALJ applied the appropriate legal standards and independently analyzed the evidence to logically conclude that Plaintiff's past positions were not composite jobs and that Plaintiff could perform her past work as a Fast Food Services Manager and Receptionist as they are performed in the national economy.

### III. CONCLUSION

A reading of the ALJ's decision reflects a legally sound and factually supported approach to Plaintiff's claim. Accordingly, the Court overrules Plaintiff Vonnie Beyler's Objections; ADOPTS the Magistrate Judge's Report and Recommendation (ECF DKT #14); and AFFIRMS the Commissioner's denial of Plaintiff's claims for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB").

**IT IS SO ORDERED.**

**DATE: February 23, 2024**

    s/Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**